■ In the Matter of the Claim of JOSEPH KUDRICK, Respondent, v. REPUBLIC AVIATION CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, P. J. Appeal from a decision of the Work-

men's Compensation Board, filed April 30, 1969. Claimant sustained four compensable back injuries: in October, 1944, on June 15, 1955, March 9, 1961 and October 5, 1965. The first three accidents occurred while claimant was employed by appellant Republic Aviation Corp., while the last injury occurred while he was employed by appellant Fairchild Hiller Corp., *successor* to Republic Aviation Corp. Appellant Liberty Mutual Insurance Company was the insurance carrier on the 1955 and 1961 claims, while appellant Fireman's Fund Insurance Company was the carrier on the 1965 claim. The appeals in question are from the board's supplemental memorandum of decision dated and filed on April 30, 1969, wherein the board found that "claimant has an overall disability of 75%, ½ of which is causally related to the 1944 accident, ½ causally related, in equal proportion to the accidents of 1955, 1961 and 1965. Based on the average weekly wage of $177.40 previously established, this would yield an overall loss of earning capacity in the amount of $133.05, ½ of which or $66.53, due to the combined accidents of 1955, 1961 and 1965, or $22.17 to each of these cases. The compensation rate is therefore $20 in case #06408066, $20 in case #16523848 and $14.78 in case #05591194". This appeal has been taken upon a shortened record limited to "the question of the correct mathematical computation of the compensation rate in accordance with the provisions of section 15 of the Workmen's Compensation Law". The question of a proper rate directly affects the amount of money to be received by the claimant, but he has not filed a brief upon this appeal. It appears that the board may have attempted to impose a minimum rate in each of the cases while apportioning the overall disability award in this case and, if so, such is error. In the recent case of *Matter of Burch* v. *General Elec. Co.* (33 A D 2d 613) the proper method of determining a maximum award was considered. The present award does not conform thereto and therefore this case must be reversed and remanded to the board. It is noted that the claimant sought to reopen the 1944 claim and that while the application for reopening was pending the March 9, 1961 accident occurred. Further, it appears that compensation was awarded in the 1961 claim for an aggravation of a prior back injury, and that the last injury apparently occurred while employed by a *successor* corporation to Republic Aviation. While we do not consider the 1944 case upon this appeal, it appears that the board still has the power to give further consideration to that claim. (Cf. *Matter of Leonescu* v. *Star Liq. Dealers,* 25 A D 2d 932, affd. 20 N Y 2d 956.) Decision reversed, without costs, and matter remitted to the Workmen's Compensation Board for further consideration. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Herlihy, P. J.